**PATTON BOGGS** LLP

The Legal Center
One Riverfront Plaza
Suite 600
1037 Raymond Blvd
Newark, NJ 07102
973-848-5600
_____

Facsimile 973-848-5601
www.pattonboggs.com

August 23, 2012

James E. Tyrrell, Jr.
973-848-5620
jtyrrell@pattonboggs.com

**VIA CM/ECF AND FACSIMILE**
The Honorable Esther Salas
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Patton Boggs LLP v. Chevron Corporation,* 2:12-cv-00901 (D.N.J. 2012)

Dear Judge Salas:

      As Your Honor is aware, I represent *pro se* Plaintiff Patton Boggs LLP ("Patton Boggs") in the above-captioned matter. I write regarding Chevron Corporation's ("Chevron") August 15, 2012 Response to Plaintiff Patton Boggs's Objections to Judge Waldor's July 18, 2012 Report and Recommendation to Transfer the action to the Southern District of New York ("Response"). I wish to apprise the Court of the following:

1. Patton Boggs, in its Objections[1] noted that Judge Waldor's Report and Recommendations are reviewed under the *de novo* standard. This is because the Report and Recommendations were issued pursuant to 28 U.S.C. § 636(b)(1)(B), and that designation carries with it a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(3).; L. Civ. R. 72.1(c)(2); *see also* Objections p. 6 (Dkt. 39).

2. Chevron, in its Response, presents argument pertaining to the "first-filed rule," which did not form the basis for Judge Waldor's Report and Recommendations and, for that reason, were not discussed in Patton Boggs's Objections. Nevertheless, should the Court wish to review Patton Boggs's arguments

---

[1] As used herein, "Objections" refers to Plaintiff Patton Boggs's Objections to Magistrate Judge Waldor's July 18, 2012 Report and Recommendation, filed on August 1, 2012 (Dkt. 39)

**PATTON BOGGS**LLP

Hon. Esther Salas, U.S.D.J
August 23, 2012
Page 2

> pertaining to the first-filed rule, Patton Boggs respectfully directs the Court to Patton Boggs's earlier briefing in connection with this matter. *See* (Dkt. 10-2, pp. 5-13; Dkt. 21, pp. 15-17)**.**
>
> 3. Chevron states that "Patton Boggs apparently concedes [that its] bond-related claims are now moot." (Dkt. 40, p.13). This is a mischaracterization. Patton Boggs has stated only that "Judge Kaplan has purported to deny Patton Boggs, *in absentia*, any right of recovery stemming from the issuance of the unlawful restraints." (Dkt. 39, p. 7).

I appreciate Your Honor's consideration of this letter. Should Your Honor have any questions or require any further information, we are available at the Court's convenience.[2]

Respectfully,

*James E. Tyrrell, Jr.*

James E. Tyrrell, Jr.

cc:    Herbert J. Stern, Esq, counsel for Chevron Corporation (via CM/ECF)

---

[2] While, in the interest of judicial efficiency, Patton Boggs selected only the above three items to bring to the Court's attention, this should in no way be construed as Patton Boggs's acceptance of any other portion of Chevron's Response. Should the Court desire Patton Boggs to submit full briefing in reply to Chevron's Response, Patton Boggs is prepared to do so.